HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYRIAM ZAYAS,

        Plaintiff,

v.

JANET HELSON, *et al.*,

        Defendants.

CASE No. 2:22-cv-00955-RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** Plaintiff's Complaint.

On July 11, 2022, Plaintiff filed this action against Defendants, King County Superior Court Judges Janet Helson and Jim Rogers. Dkt. 1, 5. Plaintiff generally asserts a claim arising under 42 U.S.C. § 1983 for alleged civil rights violations on the part of Defendants in the course of Plaintiff's child dependency proceedings. Dkt. 5. In addition, Plaintiff seeks to have portions of Washington's Juvenile Court Act that provide for shelter care for children taken into custody declared unconstitutional. Dkt. 1-3 at 1. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. 1. On July 11,

2022, the Honorable Michelle L. Peterson granted the application while recommending review under 28 U.S.C. § 1915(e)(2)(B).  Dkt. 4.

## II.    DISCUSSION

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915.  The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").  A complaint is frivolous if it lacks a basis in law or fact.  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)."  *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129).  Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim.  The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the Court must construe the plaintiff's complaint liberally.  *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Taking all allegations in the light most favorable to the Plaintiff, the Court finds that the Complaint fails to state a claim upon which relief can be granted.  In her

1  complaint, Plaintiff alleges that King County has been "illegally holding" her child and
2  that Defendants have "commit[ted] federal felonies" against her child, presumably in the
3  course of child dependency proceedings. Dkt. 1-3 at 2. Plaintiff outlines various alleged
4  deficiencies in the Superior Court proceedings and asserts that any judge that has
5  presided over her case "should be in prison." Dkt. 1-3 at 3-4.

6  However, despite various allegations of wrongdoing by Judge Helson and Judge
7  Rogers, Plaintiff provides no factual allegations to support the claims of constitutional
8  violations brought before this Court, namely, that Defendants violated Plaintiff's free
9  speech and due process rights. Further, it is unclear from Plaintiff's complaint the extent
10 to which Judge Helson and Judge Rogers are responsible for the specific actions and
11 rulings in the dependency proceedings with which Plaintiff takes issue. In any event,
12 Defendants, as judicial officers, are entitled to judicial immunity, which provides
13 immunity from suit and cannot be overcome by allegations of bad faith or malice.
14 *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (first citing *Mitchell v. Forsyth*, 472 U.S. 511,
15 526 (1985); then citing *Pierson v. Ray*, 386 U.S. 547, 544 (1967)). Although *pro se*
16 litigants are given more leeway than licensed attorneys when assessing their pleadings,
17 they must still adhere to the Federal Rules of Civil Procedure. *Pearle Vision, Inc. v.*
18 *Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Plaintiff simply does not state a plausible
19 claim for which any type of relief could be granted by this Court against either Judge
20 Helson or Judge Rogers. Therefore, the Court dismisses the complaint for failure to state
21 a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).
22 //
23 //
24 //
25 //
26 //
27 //

ORDER- 3

### III. CONCLUSION

For the reasons stated above, Plaintiff's complaint is **DISMISSED** without prejudice. Dkt. 1, 5. Plaintiff may file an amended complaint within **twenty-one (21) days** of the Order. If Plaintiff fails to timely comply with this Order by filing an amended complaint that corrects the deficiencies noted above, the Court will dismiss this action with prejudice.

DATED this 25th day of July, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER- 4